Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff
and the Putative Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE SCOFIELD, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br>v.<br><br>NATIONAL TAX ADVISORY SERVICES LLC, a California limited liability company, d/b/a ACTION TAX GROUP, and JOHN DOE, an unknown business entity,<br><br>              Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

1. Plaintiff SHANE SCOFIELD ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant NATIONAL TAX ADVISORY SERVICES LLC d/b/a ACTION TAX GROUP ("Action Tax") and Defendant JOHN DOE ("John Doe" or together, "Defendants") to stop their illegal practice of calling cellular telephones of consumers and playing artificial or prerecorded voices, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

2. Action Tax is a tax debt relief service. As a part of their marketing, Action Tax calls thousands of consumers and played artificial or prerecorded voice messages advertising their tax services.

3. Defendants did not obtain express written consent prior to placing these artificial or prerecorded voice calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically

but were also a threat to interstate commerce generally.  See S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls playing prerecorded voices exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers with its advertising on a grand scale.

6. By placing the calls at issue, Defendants violated the privacy and statutory rights of Plaintiff and members of the Class.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop its unconsented calling, as well as an award of actual and statutory fines to members of the Class, together with costs and reasonable attorneys' fees.

**PARTIES**

8. Plaintiff SHANE SCOFIELD is a natural person and is a citizen of Greeley, Colorado.

9. Defendant NATIONAL TAX ADVISORY SERVICES d/b/a ACTION TAX GROUP is a California limited liability company with its principal place of business at 16661 Ventura Blvd, Encino, California.

10. Defendant John Doe is an unknown business entity.

**JURISDICTION AND VENUE**

11. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

CLASS ACTION COMPLAINT                          2

12. This Court has general jurisdiction over Action Tax because Action Tax resides in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in this District.

## COMMON FACTUAL ALLEGATIONS

14. Defendant Action Tax sells tax debt relief services.

15. Action Tax hired John Doe to place calls to thousands of phones numbers of Plaintiff and the Class.

16. The calls were unsolicited and played an artificial or prerecorded voice advertising Action's services.

17. Defendants failed to obtain consent from Plaintiff and the Class before bombarding them with these illegal calls.

## FACTS SPECIFIC TO PLAINTIFF

18. On or around August 18, 2022, Plaintiff started to receive unsolicited phone calls from Defendants.

19. On August 18, 2022, Plaintiff missed 3 calls from 318-284-5106. Plaintiff called the number back and spoke to Clay Matthews, who said the company's name was Action Tax in Deerfield Beach, Florida.

20. Action Tax's website at actiontg.com also shows that it goes by National Tax Advisory Services LLC in Encino, California.

CLASS ACTION COMPLAINT 3

21. On August 19, 2022, Plaintiff received a call from 470-888-7169 from an automated female voice that said it offered "new zero tax owed tax debt forgiveness." Plaintiff stayed on the line but never reached a representative.

22. Plaintiff received calls from Defendants numerous times. When he called the numbers back, he heard automated messages offering assistance with federal back tax negotiations.

23. Action Tax's website also shows that it goes by National Tax Advisory Services in Encino, California.

24. On September 1, Plaintiff's attorney sent a letter by email and mail to Action Tax requesting to be removed from their calling list and requesting a copy of their telemarketing policy.

25. In total, Plaintiff received more than 20 (twenty) unsolicited calls.

26. Plaintiff's phone numbers have been registered on the federal and state Do Not Call registry.

27. Plaintiff never consented to receive calls from Defendants. Plaintiff had never heard of Defendants and had no relationship whatsoever with Defendants prior to these interactions.

28. Defendants' calls violated Plaintiff's statutory rights and caused actual and statutory damages.

29. In addition to causing statutory damages, these illegal calls caused annoyance, intrusion on privacy and seclusion, wasted battery life and time to Plaintiff

CLASS ACTION COMPLAINT                    4

## CLASS ALLEGATIONS

30. Class Definition: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and the class defined as follows:

> **TCPA Class**. All persons who: (1) from the last 4 years to present (2) whose cellular phones were called (3) and played a prerecorded voice (3) to promote Defendants' products or services;
>
> **DNC List Class**. All persons in the United States who: (1) from the last 4 years to present (2) received at least two phone calls within a 12-month period; (3) on his or her telephone number that was registered on the Do Not Call list; (4) for the purpose of selling Defendants' products and/or services.

31. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

32. **Numerosity**: The exact number of members of the Class is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed telephone calls to thousands of consumers

CLASS ACTION COMPLAINT            5

who fall into the definition of the Class. Members of the Class may be identified through Defendants' records.

33. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and members of the Class sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are asserted in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

35. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

36.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

      a.     Whether the phone calls played an artificial or prerecorded voice;

      b.     Whether Defendants obtained written express consent prior to the calls;

      c.     Whether Defendants maintain and train on a written telemarketing policy;

      d.     Whether Defendants' conduct was *willing* and/or *knowing*;

      e.     Whether members of the Class are entitled to treble damages.

37.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class are likely be relatively small and impossible to recover, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual

controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(b)
### (On behalf of Plaintiff and the TCPA Class)

38. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39. Plaintiff and the TCPA Class members received unsolicited phone calls to their cellular telephones.

40. The calls played an artificial or prerecorded voice advertising Action Tax's tax debt relief services.

41. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the TCPA Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop its illegal calling campaign.

42. Defendants made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

43. If the Court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

CLASS ACTION COMPLAINT              8

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(c)
### Do Not Call Provision
### (On behalf of Plaintiff and the DNC Class)

47. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48. The telephone numbers of Plaintiff and the DNC Class are registered on the Do Not Call Registry.

49. Defendants called Plaintiff's and the Class members' DNC-registered telephones twice or more within a twelve month period without having their prior written consent to do so and without an established business relationship.

50. The foregoing acts and omissions of Defendant and/or their agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

51. Defendants' calls were made for a commercial purpose.

52. Plaintiff is entitled to an award of at least $500 in damages for each such violation.  47 U.S.C. § 227(c)(5)(B).

53. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

54. Plaintiff also seeks a permanent injunction prohibiting Defendant and their agents from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

## THIRD CAUSE OF ACTION
### Violation of § 64.1200(d)(1)
### Failure to Maintain Written Telemarketing Policy
### (On behalf of Plaintiff and the DNC Class)

55. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

56. 47 CFR 64.1200(d)(1) requires that Defendants maintain a written telemarketing policy, available upon demand, for maintaining a do-not-call list.

57. Defendants failed to fulfill this requirement, resulting in violations against Plaintiff and the Class.

58. Plaintiff is entitled to an award of at least $500 in damages for each such violation.  47 U.S.C. § 227(c)(5)(B).

59. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

60. Plaintiff also seeks a permanent injunction requiring Defendants to maintain a written telemarketing policy.

## FOURTH CAUSE OF ACTION
### Violation of § 64.1200(d)(2)
### Failure to Train Telemarketing Personnel
### (On behalf of Plaintiff and the DNC Class)

61. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

62. 47 CFR 64.1200(d)(2) requires that Defendants train their personnel engaged in telemarketing on the written policy and the existence of the Do Not Call Policy.

63. Defendants did not do so, resulting in violations against Plaintiff.

64. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B). Plaintiff seeks $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

65. Plaintiff also seeks a permanent injunction requiring Defendants to train their telemarketing personnel.

### FIFTH CAUSE OF ACTION
**Unlawful Prong of California Unlawful Competition Law**
**Cal. Bus. & Prof. Code §17200**
**(on behalf of the TCPA and DNC Classes Against all Defendants)**

44. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45. The unlawful prong of California Business and Professions Code §17200 prohibits any unlawful business practice.

46. Each of Defendants' violations of 47 U.S.C. § 227 vis a vis Plaintiff as described herein all constitute separate and cumulative violations of unlawful prong of §17200.

47. Plaintiff has and continues to incur damages that are actual and recognized by statute.

48. Plaintiff is authorized to pursue a private right of action against Defendants under §17204.

49. Plaintiff is also entitled to injunctive relief under this section.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of the Class, prays for the following relief:

a. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class and appointing his counsel as Class Counsel;

b. An order declaring that Defendants' actions, as set out above, violate the TCPA;

c. An order declaring that Defendants' actions, as set out above, violate the TCPA willfully and knowingly, and an award trebling statutory damages;

d. An order declaring that Defendants' actions, as set out above, violate 227(b) and (c) of the TCPA;

e. An order declaring that Defendants' actions, as set out above, violate 47 CFR § 64.1200(d)(1), (2) and (4);

f. An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' express consent to receive such calls, and otherwise protecting interests of the Class;

g. An award of reasonable attorney's fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5;

h. Such other and further relief that the Court deems reasonable and just.

Dated: September 26, 2022            Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
Email: mark@javitchlawoffice.com

CLASS ACTION COMPLAINT            12

Attorney for Plaintiff SHANE SCOFIELD
and the Putative Class
CLASS ACTION COMPLAINT    13