1  Mark L. Javitch (CA SBN 323729)
2  Javitch Law Office
   3 East 3rd Ave. Ste. 200
3  San Mateo, CA 94401
4  Telephone: (650) 781-8000
   Facsimile: (650) 648-0705
5  mark@javitchlawoffice.com

6
7  *Attorney for Plaintiff*
   *And the Putative Class*

8
9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

12  SHANE SCOFIELD, individually and on        Case No.:  2:22-cv-06931-DSF-PVC
    behalf of all others similarly situated,
13                                              **NOTION OF MOTION AND**
                  Plaintiff,                    **MOTION FOR LEAVE TO**
14                                              **CONDUCT DISCOVERY PRIOR TO**
           v.                                   **ENTERING DEFAULT JUDGMENT**
15
    NATIONAL TAX ADVISORY
16  SERVICES LLC, et. al. ,

17                Defendants.

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR LEAVE TO
CONDUCT DISCOVERY               1            2:22-cv-06931-DSF-PVC

## NOTICE OF MOTION AND

## MOTION FOR LEAVE TO CONDUCT DISCOVERY

PLAINTIFF HEREBY PROVIDES NOTICE that as soon as the matter may be heard, Plaintiff SHANE SCOFIELD will and hereby does move the Court for leave to conduct limited discovery and extend the deadline for moving for default judgment by six months.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the declaration of Mark L. Javitch, and if necessary, oral argument.

Respectfully submitted,

Dated: December 15, 2022        By:  /s/ Mark L. Javitch

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   <u>INTRODUCTION</u>

Plaintiff seeks leave to conduct discovery to determine the propriety of class certification, including the identity of the class and whether the class is ascertainable. Plaintiff also seeks to extend the deadline for moving for default judgment by six months. There is good cause to grant the limited leave requested.

### II.   <u>STATEMENT OF FACTS AND PROCEDURAL HISTORY</u>

Plaintiff SHANE SCOFIELD is a natural person and is a citizen of Greeley, Colorado. Defendant NATIONAL TAX ADVISORY SERVICES d/b/a ACTION TAX GROUP is a California limited liability company with its principal place of business at 16661 Ventura Blvd, Encino, California.

On or around August 18, 2022, Plaintiff started to receive unsolicited phone calls from Defendants. Dkt. 1, ¶ 18 ("Complaint"). On August 18, 2022, Plaintiff missed 3 calls from 318-284-5106. Plaintiff called the number back and spoke to Clay Matthews, who said the company's name was Action Tax in Deerfield Beach, Florida. *Id*. ¶ 19. Action Tax's website at actiontg.com also shows that it goes by National Tax Advisory Services LLC in Encino, California. *Id*. ¶ 20. On August 19, 2022, Plaintiff received a call from 470-888-7169 from an automated female voice that said it offered "new zero tax owed tax debt forgiveness." Plaintiff stayed on the line but never reached a representative. *Id*. ¶ 21. Plaintiff received calls from Defendants numerous times. When

he called the numbers back, he heard automated messages offering assistance with federal back tax negotiations. *Id*. ¶ 22. On September 1, Plaintiff's attorney sent a letter by email and mail to Action Tax requesting to be removed from their calling list and requesting a copy of their telemarketing policy. *Id*. ¶ 24. In total, Plaintiff received more than 20 (twenty) unsolicited calls. *Id*. ¶ 25. Plaintiff's phone numbers have been registered on the federal and state Do Not Call registry.  *Id*. ¶ 26. Plaintiff never consented to receive calls from Defendants. Plaintiff had never heard of Defendants and had no relationship whatsoever with Defendants prior to these interactions. *Id*. ¶ 27. Defendants' calls violated Plaintiff's statutory rights and caused actual and statutory damages. In addition to causing statutory damages, these illegal calls caused annoyance, intrusion on privacy and seclusion, wasted battery life and time to Plaintiff. *Id*. ¶ 28.

On September 26, 2022, Plaintiff filed a Class Action Complaint against Defendant NATIONAL TAX ADVISORY SERVICES LLC, alleging violations of the Telephone Consumer Protection Act (or the "TCPA") 47 U.S.C. § 227(b) for using prohibited artificial or prerecorded voice messages, 227(c) for telemarketing to people on the federal Do Not Call registry, § 64.1200(d)(1) for failure to maintain a written telemarketing policy available upon request, and § 64.1200(d)(2) for failure to train personnel on the written telemarketing policy, and California Bus. & Prof. Code §17200 for violation of the Unlawful Prong of the Unfair Business Practices Act. Dkt. 1.

On October 10, 2022, a process server served a copy of the complaint and summons upon Defendant NATIONAL TAX ADVISORY SERVICES LLC.  *See* Dkt. 15; Dkt. 16-1, Declaration of Mark L. Javitch in support of request for Clerk's Default, ¶¶ 4-5 ("Javitch Decl."). After 21 days passed since serving the summons and complaint, Defendant failed to plead or otherwise respond to this Court as required by Fed. R. Civ. P. 12.  *Id.* ¶ 5. On November 7, 2022, Plaintiff moved for the clerk's default. Dkt. 16. On November 15, the clerk entered default. Dkt. 17.

## III.   <u>LEGAL STANDARD</u>

Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

Here, because Defendant has not responded to the complaint in this case or otherwise made an appearance, the parties have not yet met and conferred under Rule 26(f). As such, Plaintiff requests that the Court authorize limited discovery without a Rule 26(f) conference to prepare its materials for a default judgment motion. "Courts in the Ninth Circuit apply a 'good cause' test in deciding whether to permit expedited discovery before the Rule 26(f) conference." *Patrick Collins, Inc. v. John Does 1 through 37*, No. 2:12-cv-1259-JAM-EFB, 2012 U.S. Dist. LEXIS 96350, 2012 WL 2872832, at *2 (E.D. Cal. July 11, 2012). "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the

prejudice to the responding party.'" *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Ca1. 2002). Courts must make this evaluation considering "the entirety of the record" and "the reasonableness of the request in light of all the surrounding circumstances." *Semitool, Inc.*, 208 F.R.D. at 275 (quotations and citations omitted).

Courts routinely find good cause to authorize discovery when a defendant defaults and the plaintiff seeks discovery to establish liability and/or damages in pursuit of default judgment. *See, e.g., Twitch Interactive, Inc. v. Johnston*, No. 5:16-cv-03404-BLF, 2017 U.S. Dist. LEXIS 44863, 2017 WL 1133520, at *4 (N.D. Cal. Mar. 27, 2017) (authorizing discovery in aid of forthcoming motion for default judgment from payment processors, financial institutions, and co-defendant); *Adobe Sys. Inc. v. Bunhey*, No. 5:13-cv-01365-VAPOP, 2013 U.S. Dist. LEXIS 198095, 2013 WL 12140304, at *2 (C.D. Cal. Oct. 29, 2013) (same from third-party distributors regarding defaulting defendant's purchase, sale, and/or distribution of counterfeit products); *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. 1:10-cv-00335-LJO-SKO, 2010 U.S. Dist. LEXIS 65753, 2010 WL 2353520, at *3 (E.D. Cal. June 9, 2010) (same from defaulting defendant regarding quantum of damages).

## IV.  <u>**LEGAL ARGUMENT**</u>

Federal Rule of Civil Procedure 26 governs the scope and timing of discovery. Pursuant to Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f) ... [unless] authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26. Relatedly, Federal Rule of Civil Procedure 55(b)(2) provides that "[t]he court may conduct hearings or make referrals ... when, to enter or effectuate judgment, it needs to: ... (B) determine the amount of damages; ... or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

Based on these rules, courts have permitted discovery to determine the appropriate amount of damages after entry of default. *See Alstom Power, Inc. v. Graham*, No. 3:15—cv-174, 2016 U.S. Dist. LEXIS 10112, 2016 WL 354754, at *3 (E.D. Va. Jan, 27, 2016) (collecting cases and allowing the plaintiff to "engage in discovery limited to ascertaining the existence and amount of damages for its three causes of action."); *Tristrata Tech., Inc. v. Medical Skin Therapy Research, Inc.*, 270 F.R.D. 161, 163 (D. Del. 2010) (plaintiff was "granted leave to conduct discovery on the issue of damages" after the entry of default against the defendant); *DIRECTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788, 790-91 (E.D. Mich. 2004) (granting motion for default judgment as to liability only, and ordering limited discovery "with respect to the amount of damages and attorney fees to be assessed" against defendants in default).

Here, National Tax has failed to appear or otherwise respond in any manner. Therefore, Plaintiff's allegations are all deemed admitted. *See, e.g., Adriana International Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990) ("default conclusively establishes . . . liability"); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating the general rule that "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true").

Accordingly, Plaintiff has stated a claim and established liability on behalf of himself and the putative class against National Tax for thousands of violations of 47 U.S.C. § 227(b), 227(c) for telemarketing to people on the federal Do Not Call registry, § 64.1200(d)(1) for failure to maintain a written telemarketing policy available upon request, and § 64.1200(d)(2) for failure to train personnel on the written telemarketing policy, and California Bus. & Prof. Code §17200 for violation of the Unlawful Prong of the Unfair Business Practices Act. Plaintiff establishes that Action Tax is liable for thousands of robocalling violations using an artificial or prerecorded voice to Plaintiff and the putative class without their consent. Complaint, ¶¶ 14-17.

Courts routinely grant leave to conduct discovery after default when discovery is required to determine damages. *See, e.g., Nutrition*, No. 17-CV-839-JLS (JMA), 2017 U.S. Dist. LEXIS 164077, 2017 WL 4391709, at *2 (granting leave to conduct discovery to ascertain the existence and amount of damages); *Oakley*, NO. SACV 16-

160-JLS (JCGx), 2016 U.S. Dist. LEXIS 191048, 2016 WL 7495835, at *8 (granting leave to conduct limited discovery).

Here, however, in an abundance of caution, Plaintiff notes that a threshold issue exists as to whether it will be possible to obtain records in discovery or whether National Tax will continue its obstructionism. It is possible that National Tax will simply continue evading the judicial process and entirely fail to respond to discovery.

Accordingly, prior to certifying a class, Plaintiff seeks leave to determine if Action Tax is responsive. At this early stage, although many courts proceed to the class certification stage, there is little reason to request the court to spend time fulfilling its duties monitoring a class when such a major threshold exists as to whether the class is ascertainable at the outset.

It would conserve judicial resources to grant leave to conduct limited discovery prior to expending resources on a motion for class certification and maintaining supervision of the class if one is certified. If Defendant continues to fail to respond to this Court, then no matter how good Plaintiff's intentions, it will unfortunately be impossible to identify the other victims in the class.

Plaintiff should be awarded statutory damages for all of the illegal phone calls made to himself and putative class members. *See* 47 U.S.C. § 227(b)(3) (Plaintiff may seek $500 for each violation or $1500 for each willful violation). However, Defendant's

non-responsiveness has precluded Plaintiff from obtaining evidence concerning the identity of the class members and the number of violations.

Leave for discovery will permit Plaintiff to obtain the phone numbers that National Tax robocalled so that the class members can be identified. Plaintiff seeks to conduct discovery on the entity in Florida also named Action Tax that Plaintiff learned of on one of the robocalls. *See* Complaint, ¶ 19. This discovery is reasonably calculated to lead to evidence in support of a Plaintiff's planned motion for class certification and default judgment. Plaintiff's "need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party" who has failed to respond in this action. *Semitool*, Inc., 208 F.R.D. at 276.

Courts have repeatedly allowed for discovery on the issue of damages after the entry of default. *See, e.g., Nutrition Distrib. LLC v. IronX LLC*, No. 17-CV-839-JLS (JMA), 2017 U.S. Dist. LEXIS 164077, 2017 WL 4391709, at *2 (S.D. Cal. Oct. 3, 2017) (granting leave to conduct discovery to ascertain the existence and amount of damages); *Oakley, Inc. v. Moda Collection, LLC*, NO. SACV 16-160-JLS (JCGx), 2016 U.S. Dist. LEXIS 191048, 2016 WL 7495835, at *8 (C.D. Cal. June 9, 2016) (granting leave to conduct limited discovery). Accordingly, Plaintiff has demonstrated good cause for leave to conduct discovery and extend the deadline for default judgment by six months.

## V.   <u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff requests that the Court find that he has satisfied good cause for conducting discovery to determine the propriety of class certification prior to entering default judgment and that the deadline for default judgment should be extended by six months.


Dated: December 15, 2022            Respectfully submitted

By:  /s/ Mark L. Javitch
Javitch Law Office
Mark L. Javitch (SBN 323729)
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705

*Attorney for Plaintiff*
And those similarly situated