UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-6931 DSF (PVCx)                              Date:  December 19, 2022

Title      Shane Scofield v. National Tax Advisory Services LLC, et al.

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**PROCEEDINGS:**   **[IN CHAMBERS] ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY PRIOR TO ENTERING DEFAULT JUDGMENT (Dkt. No. 19)**

On September 26, 2022, Plaintiff filed a complaint in this putative class action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. ("Complaint," Dkt. No. 1). Plaintiff served the Complaint on the registered agent for the sole named Defendant, National Tax Advisory Services LLC ("NTAS"), on October 10, 2022.[1] (Dkt. No. 15). When NTAS failed to timely respond to the Complaint, at Plaintiff's request, (Dkt. No. 16), the Court Clerk entered default against NTAS on November 15, 2022. (Dkt. No. 17).

On December 15, 2022, the District Judge issued an Order to Show Cause re Dismissal for Lack of Prosecution setting January 17, 2003 as the deadline for Plaintiff to file a motion for default judgment. ("OSC," Dkt. No. 18). That same day, Plaintiff filed

---

[1] Plaintiff represents that NTAS, doing business as Action Tax Group, "is a California limited liability company with its principal place of business at 16661 Ventura Blvd, Encino, California." (Motion at 3). However, Plaintiff called the number from one of the calls at issue in this action and was told by the person responding that "the company's name was Action Tax in Deerfield Beach, Florida." (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-6931 DSF (PVCx)                                   Date:  December 19, 2022

Title          Shane Scofield v. National Tax Advisory Services LLC, et al.

the instant Motion for Leave to Conduct Discovery Prior to Entering [sic] Default Judgment.  ("Motion," Dkt. No. 19).

In the Motion, Plaintiff states that he "should be awarded statutory damages for all of the illegal phone calls made to himself and putative class members."  (*Id*. at 9).  The number of calls made is directly related to the determination of damages.  *See* 47 U.S.C. § 227(b)(3) (plaintiff may seek $500 for each violation or $1500 for each willful violation).  Because NTAS has failed to respond to the summons and Complaint, Plaintiff has not been able to obtain evidence from NTAS concerning the identity of the putative class members and the number of violations.  (Motion at 10).  Plaintiff acknowledges that "[i]f Defendant continues to fail to respond to this Court, then no matter how good Plaintiff's intentions, it will unfortunately be impossible to identify the other victims in the class."  (*Id.* at 9).  Accordingly, Plaintiff seeks leave to conduct discovery "to obtain the phone numbers that National Tax [NTAS] robocalled so that the class members can be identified.  Plaintiff seeks to conduct discovery on the entity in Florida also named Action Tax that Plaintiff learned of on one of the robocalls."  (*Id.* at 10).  Plaintiff also seeks a six-month extension of the January 17, 2003 deadline set by the District Judge to file a motion for default judgment.  (Motion at 2, 11).

Federal Rule of Civil Procedure 26(d) ordinarily prohibits a party from seeking discovery from another litigant or a third party until after service of process and a joint conference pursuant to Rule 26(f).  However, on a showing of "good cause," a court may allow early discovery.  *See Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Good cause may exist where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Semitool*, 208 F.R.D. at 276.  In evaluating a claim of good cause, courts in this Circuit regularly consider "(1) the concreteness of plaintiff's showing of a prima facie claim of actionable harm; (2) the specificity of the discovery requests; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for subpoenaed information to advance the claim; and (5) defendant's expectation of privacy."  *Strike 3*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-6931 DSF (PVCx)                                      Date:  December 19, 2022

Title       Shane Scofield v. National Tax Advisory Services LLC, et al.

*Holdings, LLC v. Doe*, 2022 WL 657932, at *1 (E.D. Cal. 2022) (citing *Arista Records LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)); *accord Art of Living Found. v. Does*, 2011 WL 3501830, at *3 (N.D. Cal. Aug. 10, 2011), *motion for relief from judgment granted sub nom. Art of Living Found. v. Does 1-10*, 2011 WL 5444622 (N.D. Cal. Nov. 9, 2011).

While the entry of default "conclusively establishes" liability, *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990), a default, by itself, does not establish the amount of damages.  *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).  Therefore, numerous courts in this Circuit and elsewhere have authorized discovery on the issue of damages after the entry of default.  *See, e.g.*, *Nutrition Distrib. LLC v. IronX LLC*, 2017 WL 4391709, at *2 (S.D. Cal. Oct. 3, 2017) (citing cases); *accord Oakley, Inc. v. Moda Collection, LLC*, 2016 WL 7495835, at *8 (C.D. Cal. June 9, 2016); *Adobe Sys. Inc. v. Bunhey*, 2013 WL 12140304, at *2 (C.D. Cal. Oct. 29, 2013); *Twitch Interactive, Inc. v. Johnston*, 2017 WL 1133520, at *4 (N.D. Cal. Mar. 27, 2017); *Texas Guaranteed Student Loan Corp. v. Dhindsa*, 2010 WL 2353520, at *3 (E.D. Cal. June 9, 2010); *DIRECTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788, 790-91 (E.D. Mich. 2004).

Consistent with this authority, the Court finds that Plaintiff has established good cause for expedited discovery.  The factors that courts consider in examining the existence of good cause are met here.  Plaintiff's claim facially appears to state a claim under the TCPA (factor 1).[2]  Plaintiff has identified the specific information he wishes to obtain from a specific entity (factor 2).  There do not appear to be viable alternative means to obtain the information that Plaintiff seeks, which appears uniquely in the possession of Defendant and its related entities/aliases (factor 3).  Evidence of the identities of the persons allegedly called by Defendant and the number of calls is critical to Plaintiff's ability to establish a class and make a supportable showing of damages (factor 4).  Finally, Defendant does not have a reasonable expectation of privacy in the

---

[2] This finding is without prejudice to Defendant challenging any aspect of the pleading after its appearance in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 22-6931 DSF (PVCx)                                  Date:  December 19, 2022

Title          Shane Scofield v. National Tax Advisory Services LLC, et al.

information, and even if it did, Plaintiff's need for the information outweighs Defendant's interest in maintaining its confidentiality and a protective order could adequately address those concerns (factor 5).

Accordingly, the Motion is GRANTED to the extent that Plaintiff seeks leave to conduct discovery to learn the identities and contact information of persons whom Defendant purportedly called and the dates and quantities of those calls.  The request to continue the deadline for filing a motion for default judgment is GRANTED IN PART.  The January 17, 2023 deadline is continued by four months to **May 17, 2023**.

Further, so that the Court may properly monitor the early discovery in this action, it is ORDERED that, beginning **January 17, 2023**, and continuing every **thirty days** thereafter, Plaintiff will submit a Status Report to the undersigned Magistrate Judge informing the Court about: (a) the status of service of the discovery requests; (b) information received in response to the requests; and (c) communications between Plaintiff and the parties identified as a result of the early discovery.  **Failure to file a required Status Report in accordance with this Order may result in a recommendation that this action be dismissed without prejudice for failure to prosecute or failure to comply with a court order**.  *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| Initials of Preparer | mr |