# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| SHANE SCOFIELD, *Plaintiff* v. NATIONAL TAX ADVISORY SERVICES LLC,, et. al., *Defendant* | Civil Action No. 2:22-cv-06931-DSF-PVC |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: DAVID WAKNINE, 21482 SAINT ANDREWS GRAND CIR, BOCA RATON FL 33486

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A, attached.

| Place: Send copies from any local US Mail receptacle to Javitch Law Office, 3 East 3rd Ave. Ste. 200, San Mateo CA 94401 | Date and Time: 01/23/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/21/2022

*CLERK OF COURT*                          OR                 /s/ Mark L. Javitch

*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Shane Scofield, who issues or requests this subpoena, are:

Mark L. Javitch, Javitch Law Office, 3 East 3rd Ave. Ste. 200, San Mateo CA 94401, mark@javitchlawoffice.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 2:22-cv-06931-DSF-PVC   Document 21-2   Filed 01/26/23   Page 3 of 12   Page ID #:82

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06931-DSF-PVC

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:22-cv-06931-DSF-PVC   Document 21-2   Filed 01/26/23   Page 4 of 12   Page ID #:83

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

```
Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com
```

*Attorney for Plaintiff*
and the putative Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE SCOFIELD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL TAX ADVISORY SERVICES LLC, a California limited liability company, d/b/a ACTION TAX GROUP, and JOHN DOE, an unknown business entity,<br><br>Defendants. | Case No.: 22-cv-06931 DSF (PVCx)<br><br>**SCHEDULE A TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION** |

## **DEFINITIONS**

Any references to "NATIONAL TAX ADVISORY SERVICES LLC," "ACTION TAX GROUP" "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. Any references to "Plaintiff", "Plaintiff's", or "Plaintiffs" shall be treated as referring to each and every Plaintiff named within this lawsuit, individually and collectively, as may be appropriate. As used in these requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably. "You," "Your" or "Responding Party" shall refer to David Waknine.

If any objection is made to any of the following discovery requests, Responding Party shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, You shall state the legal basis for the privilege You are invoking and provide a detailed log to support the invocation of such privilege.

Each and every discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Responding Party is obligated to seasonably amend and provide any updated information that renders the responses to one or more of these discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiff's counsel.

As used in these discovery requests, the term "DOCUMENT" or "DOCUMENTS " means every writing or recorded material of every type and description, of any kind, that is in Your possession, control or custody, which Responding Party has knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough-drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written,

printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

## INSTRUCTIONS

1. The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

2. If, in answering these Document Requests, you encounter any ambiguity in construing a Document Request, or a definition or instruction relevant to the inquiry contained therein, set forth the matter deemed ambiguous and set forth the construction chosen or used in answering the Document Request.

3. In answering these Document Requests, furnish such information as is available to you, not merely such information as is within your knowledge. This means that you are to furnish information that is known by, available to, or in the possession of your affiliates, employees, servants, or agents, including your attorney or any agent for you or your attorney (unless privileged).

4. If you object to any Definition or Instruction or to any of the specific Document Requests set forth below, the precise grounds of your objection(s) shall be stated, with particularity. If any objection rests in whole or in part of a claim of privilege, the privilege claims should be stated, and all facts and all documents relied upon in support of such claim shall be stated or identified with particularity.

5. If you object to or claim a privilege with respect to only a portion of a given Document Request, you are requested to answer that portion of the Document Request as to which you have no objection or claim of privilege.

6. All Documents and electronic data shall be produced in a sortable, filterable, searchable format. Any .pdf documents shall be produced in OCR and searchable format.

7. If the request does not specify a period of time, assume that request covers the class period of four years prior to the filing of the Complaint to the present.

## DOCUMENT REQUESTS

Pursuant to Rule 45 and 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Daniel

Sharbani, Inc. produce [1] the DOCUMENTS requested herein:

1. Documents relating to Plaintiff, Plaintiff's phone numbers,[2] including but not limited to all records of telephone calls made or attempted, all notes of conversations with Plaintiff, all recordings, notes, and notations regarding Plaintiff, including from any software, websites, or customer relationship management or related databases that You use.

2. Documents You contend demonstrate consent to be called for Plaintiff or for Plaintiff's phone number, including but not limited to telephone calls placed to Shane Scofield's cellular phone number.

3. Documents relating to and/or regarding Your policies and procedures related to compliance with telemarketing laws and regulations, and the TCPA Do-Not-Call Registry, including Your internal Do-Not-Call List.

4. Documents and communications exchanged between You and any persons transferring calls or leads to Defendants, such as the vendor(s) who transferred Plaintiff to Defendants and/or provided Plaintiff's telephone number as a lead, including prior negotiations, promotional material, contracts, guidelines, invoices, receipts, sales reports, and correspondence between You and such other persons.

5. Documents and communications exchanged between You and one or more Defendants in the underlying action, including prior negotiations, promotional material, contracts, guidelines, invoices, receipts, sales reports, and correspondence between You and such other persons.

6. Documents, electronically stored information, or communications related to the sale, offer to sell, or marketing of goods, products, or services of Defendants, or on the behalf of others.

7. Documents sufficient to show all calls (including attempted calls) made by Defendants or any call center or other vendor of Defendants, or to generate leads (even if Defendants were not the

---

[1] *See* 2015 Committee Notes regarding Rule 34: Under Rule 34(b)(2)(B), the response to the request must state that copies will be produced. <u>The production must be completed either by the time for inspection specified in the request or by another reasonable time specifically identified in the response</u>. When it is necessary to make the production in stages the response should specify the beginning and end dates of the production.

[2] As used herein, "Plaintiff's phone numbers" are: 970-396-1559, 970-369-9449, and 970-301-5104.

exclusive buyer or beneficiary of said leads), or that could have generated a lead. Responsive Documents include Documents containing identifying information of the persons Defendants were trying to contact (*e.g.*, name, business name, address, email, phone number); information for the calls themselves, including the phone number called, the date and time of the call, and the notes regarding call (*e.g.*, no answer, message left, spoke with contact, etc.); any documents showing the prior express consent of the called party to be called.

8. Documents showing informal complaints, demands, lawsuits, settlements, enforcement actions, and investigations related to telemarketing practices of Defendants.

9. Documents describing Defendants' policies and procedures for making telephone calls, where the person called previously expressed that they did not wish to receive calls from You or on Your behalf.

10. Documents relating to and describing the operation, installation, and/or specifications of any and all equipment and systems used to make, receive, transfer, and handle telephone calls to consumers, such as the phone calls placed to Plaintiff, by You or any third party.

11. Call detail logs in their original electronic format for calls placed to promote or sell services of Defendants, including for the calls placed to Plaintiff. Responsive Documents include all calls made by Defendants or on their behalf, the originating telephone number, the date, time, and duration of the call, the telephone to which each such call was made or attempted to be made, whether the telephone number is a cellular telephone number, the script for such call, the name of the person called, whether the person called had previously asked not to be called, the name, and unique identifier number(s)/designation(s) associated with the intended recipient and the call.

12. Documents that identify any recorded message (including but not limited to the audio files of any such messages), the dialing mode, or option the dialing system was in when it made each of the calls referenced in Document Request No. 11.

13. To the extent Defendants claim that Defendants had consent or permission for placing calls on such call detail logs requested in the Document Request No. 11, produce all Documents that identify:

  a. Any writings evidencing that consent or permission;

   b. Documents that evidence a clear and conspicuous statement that informed consumer of their right to withdraw their consent to receive telemarketing calls and the procedures that they may use to update their contact information that was used as a basis for any alleged consent to make telemarketing calls to them.

 14. To the extent Defendants claim that Defendants had consent or permission for placing calls on such call details requested in the Document Request No. 11 by virtue of a website submission form, for each website that You claim constitutes or provides consent or permission for You to place calls to visitors of the website, produce:

   a. Documents that identify the websites and specific web pages on websites that You claim constitute or provide consent or permission;

   b. All access, server, and error logs, and security and fraud alerts during the period You claim visits to the website(s) occurred that constitute consent or permission;

   c. All architectural diagrams, wireframes, and application mockups;

   d. All Documents that identify the affiliates compensated directly or indirectly by You for each purportedly consenting consumer or record;

   e. All Documents that identify the referring URL from which each purportedly consenting consumer came to such website;

   f. All Documents that identify any vendor or company used by such website or its owner or operator for visitor traffic reporting, including any search engine optimization or internet marketing consultants;

   g. All Documents that identify the bandwidth usage for any such website during the period You claim visits to or actions on that website constituted consent or permission to contact any person;

   h. All Documents that identify the website host(s) for any website responsive to any of the foregoing and the dates each host was active for each such website;

   i. All Documents purporting to record, reflect, or show all "lead events," Compliance Reports, and Visual Playback, occurring on such website; and

1         j.    If You claim any documents requested are not in Your possession, custody, or control, produce all Documents that identify persons who possess or control such Documents, specifying which category of Documents are in which Party's possession, custody, or control.

15.    Documents relating to due diligence, audits, inspections, certifications of compliance, oversight, and monitoring of Defendants' marketing and sales activities and those of persons placing calls on Your behalf (whether exclusively or not).

16.    All insurance policies that could possibly afford coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights.

Dated: December 21, 2022        Respectfully submitted

By: */s/ Mark L. Javitch*
Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705

*Attorneys for Plaintiff
and those similarly situated*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-06931-DSF-PVC

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* DAVID WAKNINE on *(date)* Dec 21, 2022, 2:29 pm.

[X] I served the subpoena by delivering a copy to the named individual as follows: PERSONAL SERVICE on *(date)* Tue, Dec 27 2022; or

[ ] I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 50.00.

I declare under penalty of perjury that this information is true.

Date: 01/05/2023

/s/

Server's signature

Michael R. Meyer
15th Circuit of Florida CPS #2016

*Printed name and title*

401 N Rosemary Ave, West Palm Beach, FL 33401

*Server's address*

Additional information regarding attempted service, etc.:
1) Unsuccessful Attempt: Dec 21, 2022, 9:43 pm EST at 21482 SAINT ANDREWS GRAND CIR, BOCA RATON, FL 33486-8649
Spoke with the subject via the intercom at the gate. He informed me that he was in Parkland roughly 30 minutes away. He agreed to provide his phone number to arrange service tomorrow: 323-428-9734.

2) Successful Attempt: Dec 27, 2022, 3:49 pm EST at 21482 SAINT ANDREWS GRAND CIR, BOCA RATON, FL 33486-8649 received by DAVID WAKNINE. Age: 50-55; Ethnicity: Caucasian; Gender: Male; Weight: 250; Height: 5'10"; Hair: Bald; Other: Gray goattee no glasses;