Mark L. Javitch (CA SBN 323729)
mark@javitchlawoffice.com
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorneys for Plaintiff
and the Putative Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE SCOFIELD, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>NATIONAL TAX ADVISORY SERVICES LLC, et. al.,<br><br>          Defendants. | Case No.:  2:22-cv-06931-DSF-PVC<br><br>**PLAINTIFF'S STATUS REPORT ON LIMITED DISCOVERY** |

# STATUS REPORT

## I. INTRODUCTION

The Court granted Plaintiff leave to conduct discovery to determine the propriety of class certification, including the identity of the class and whether the class is ascertainable. Dkt. 20. Plaintiff now submits this status report regarding his attempt to obtain information through discovery in anticipation of filing a motion for class certification.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff SHANE SCOFIELD is a natural person and is a citizen of Greeley, Colorado. Defendant NATIONAL TAX ADVISORY SERVICES d/b/a ACTION TAX GROUP is a California limited liability company with its principal place of business at 16661 Ventura Blvd, Encino, California.

On or around August 18, 2022, Plaintiff started to receive unsolicited phone calls from Defendants. Dkt. 1, ¶ 18 ("Complaint"). On August 18, 2022, Plaintiff missed 3 calls from 318-284-5106. Plaintiff called the number back and spoke to Clay Matthews, who said the company's name was Action Tax in Deerfield Beach, Florida. *Id*. ¶ 19. Action Tax's website at actiontg.com also shows that it goes by National Tax Advisory Services LLC in Encino, California. *Id*. ¶ 20. On August 19, 2022, Plaintiff received a call from 470-888-7169 from an automated female voice that said it offered "new zero tax owed tax debt forgiveness." Plaintiff stayed on the line but never reached a

representative. *Id*. ¶ 21. Plaintiff received calls from Defendants numerous times. When he called the numbers back, he heard automated messages offering assistance with federal back tax negotiations. *Id*. ¶ 22. On September 1, Plaintiff's attorney sent a letter by email and mail to Action Tax requesting to be removed from their calling list and requesting a copy of their telemarketing policy. *Id*. ¶ 24. In total, Plaintiff received more than 20 (twenty) unsolicited calls. *Id*. ¶ 25. Plaintiff's phone numbers have been registered on the federal and state Do Not Call registry. *Id*. ¶ 26. Plaintiff never consented to receive calls from Defendants. Plaintiff had never heard of Defendants and had no relationship whatsoever with Defendants prior to these interactions. *Id*. ¶ 27. Defendants' calls violated Plaintiff's statutory rights and caused actual and statutory damages. In addition to causing statutory damages, these illegal calls caused annoyance, intrusion on privacy and seclusion, wasted battery life and time to Plaintiff. *Id*. ¶ 28.

On September 26, 2022, Plaintiff filed a Class Action Complaint against Defendant NATIONAL TAX ADVISORY SERVICES LLC, alleging violations of the Telephone Consumer Protection Act (or the "TCPA") 47 U.S.C. § 227(b) for using prohibited artificial or prerecorded voice messages, 227(c) for telemarketing to people on the federal Do Not Call registry, § 64.1200(d)(1) for failure to maintain a written telemarketing policy available upon request, and § 64.1200(d)(2) for failure to train personnel on the written telemarketing policy, and California Bus. & Prof. Code §17200 for violation of the Unlawful Prong of the Unfair Business Practices Act. Dkt. 1.

On October 10, 2022, a process server served a copy of the complaint and summons upon Defendant NATIONAL TAX ADVISORY SERVICES LLC. *See* Dkt. 15; Dkt. 16-1, Declaration of Mark L. Javitch in support of request for Clerk's Default, ¶¶ 4-5 ("Javitch Decl."). After 21 days passed since serving the summons and complaint, Defendant failed to plead or otherwise respond to this Court as required by Fed. R. Civ. P. 12. *Id.* ¶ 5. On November 7, 2022, Plaintiff moved for the clerk's default. Dkt. 16. On November 15, the clerk entered default. Dkt. 17. On December 19, 2022, the Court granted Plaintiff's motion to conduct discovery to learn the identities and contact information whom Defendant purported called and the dates and quantities of those calls. Dkt. 20.

III.   **STATUS REPORT**

On December 27, 2022, Plaintiff caused a subpoena for documents to be served on respondent David Waknine. *See* Exhibit A to the Declaration of Mark L. Javitch, ¶¶ 3-4. The compliance date for the subpoena was January 23, 2023.

Mr. Waknine contacted Plaintiff's counsel and said he was previously involved with Defendant, but he has not been willing to identify the specific people involved. Plaintiff is still trying to obtain more information from Mr. Waknine, and is evaluating whether to file an enforcement action on the Subpoena. Mr. Waknine further said he has been out of the country but he will be able to provide more information shortly.

Separately, another case Plaintiff located sheds light on the owners of Defendants who have retained counsel to defend a similar action. *See Crews v. Honest Tax, LLC et. al.*, 22-02120-PHX-SMB (Complaint Filed December 15, 2022, D. Arizona). Accordingly, Plaintiff plans to seek discovery on these individuals who are the owners of Defendants.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff submits the foregoing status report. Plaintiff respectfully requests to continue conducting discovery to determine the propriety of class certification prior to entering default judgment.

Dated: March 17, 2023    Respectfully submitted

By: /s/ Mark L. Javitch
Javitch Law Office
Mark L. Javitch (SBN 323729)
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705

*Attorney for Plaintiff*
And those similarly situated